

# THE ATTORNEY GENERAL

# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

December 9, 1949

Hon. L. D. Ransom
Executive Secretary
Texas Real Estate Commission
Austin, Texas         Opinion No. V-957

> Re: The authority of Texas Real
> Estate Commission to issue
> a corrected license with-
> out a new application fee
> when a licensee's name has
> been changed by marriage or
> by corporate amendment.

Dear Mr. Ransom:

Your letter of recent date requests our opinion

". . . as to whether or not it is neces-
sary for new real estate licenses to be issued
when female holders thereof change their name
by marriage, and when corporation holders
thereof change their name by corporate amend-
ment.

"Situation (a). A real estate dealer's
license was issued to a single female for the
year 1949 in her maiden name. Subsequent to
said issuance said single female married and
acquired the name of her husband. Said female
holder of said real estate dealer's license
has requested that her said real estate dealer's
license be changed from her maiden name to her
present married name.

"Question. May this office issue said fe-
male holder a corrected license, or should we
require said individual to make a new applica-
tion for a real estate dealer's license for
the remainder of the year 1949 and pay addition-
al fee of $10.00?

"Situation (b). A Texas corporation was issued a real estate dealer's license in the name of said corporation, with a certain designated officer of said corporation as agent dealer, as required by law, for the year 1949. Subsequent to the issuance of said real estate dealer's license said corporation duly amended its charter in the mode and manner required by statute and, among other things, changed its corporate name. The officers, directors and stockholders were in no way affected by said amendment changing said name. Said corporation has requested this office to issue it a corrected real estate dealer's license for the remainder of the year 1949, showing its new corporate name and the same officer as its agent dealer.

"Question. May this office issue a corrected license to said corporation, showing its corrected name, or should this office require said corporation, under its new name, to make application for a real estate dealer's license for the remainder of the year 1949, and pay an additional fee?

"Comment. It is to be noted that the above mentioned female has furnished us a certified copy of her marriage certificate, which substantiates her marriage and change of name and shows that she is one and the same person who had a real estate dealer's license under her maiden name while she was single.

"It is further noted that said corporation referred to above has furnished this office with a certified copy of its amendment, changing its corporate name, as approved and filed by the Charter Division of the Office of Secretary of State, and that said corporation, under its new name, is one and the same corporation which held a real estate dealer's license for the year 1949 under its corporate name prior to amendment, and that the officers, directors and properties of said corporation were in no way changed or affected by said amendment which changed its corporate name."

The object of a license is to confer a right or power upon the licensee to engage in the business of a real estate dealer. The authority of the Texas Real Estate Commission to issue such a license is found in Article 6573a Vernon's Civil Statutes, as amended. Unless the applicant receives such a license he is not permitted to engage in the business of a real estate dealer. The certificate or license is merely evidence of this power or right of the individual or corporation to engage in such business. The right of the individual or corporation to engage in the business of a real estate dealer is conferred on him when he meets the qualifications set forth in the statutes and receives the approval of the Commission. The mere certificate or license is issued by the Commission to reflect the fact that the applicant has met the eligibility requirements of the statute and has received the approval of the Commission. The statute authorizes just one fee and that is the fee paid by the applicant at the time of his application. The issuance of another certificate either to the individual or to the corporation because a change in name does not, in the absence of an authorization statute, justify the Commission in charging the same fee as is authorized for the granting of the original privilege.

"Fees allowed a public officer are matters of strict law, depending upon the very provisions of the statute. They are not open to equitable construction, nor to any discretionary action on the part of the officials." Public Officers, 43 Am. Jur. § 359, p. 149. No public officer is "permitted to collect fees unless the same are provided for, and the amount thereof declared, by law." State v. Moore, 57 Tex. 307, 321 (1882).

SUMMARY

The Texas Real Estate Commission is not authorized to charge an additional application fee of persons or corporations who are duly qualified holders of real estate dealers'

licenses for the issuance of an amended certi-
ficate evidencing a valid change of name.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

David Wuntch
Assistant

DW:gl


APPROVED:

ATTORNEY GENERAL.